UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JACOB A. DAYTON individually and on behalf of all outs similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FOX RESTAURANT VENTURE, LLC, et al.,<br><br>Defendants. | No. 1:16-cv-02109-LJM-MJD |

## ORDER ON DEFENDANTS' PARTIAL MOTION TO DISMISS

This matter comes before the Court on Defendants', Fox Restaurant Venture, LLC, Fox NC Acquisition, LLC, and Fox SC Acquisition, LLC, all doing business as Jimmy John's (collectively "Fox"), Partial Motion to Dismiss[1] (Dkt. 24) Plaintiff Jacob A. Dayton's Amended Complaint (Dkt. 23) pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") for failure to state a claim. Dayton is pursuing a collective claim against Fox to recover unpaid minimum wages under the Fair Labor Standards Act ("FLSA") on behalf of similarly situated employees in Indiana. Dayton alleges that Fox's customer refund policy ("Refund Policy") violates the FLSA by exerting unauthorized control over delivery

---

[1] Fox admits for the first time in its reply brief – and only after Dayton addressed other potential issues that Fox might be seeking dismissal on – that its motion is a partial motion to dismiss. Dkt. 28 at 1. With respect to the FLSA allegations, it only seeks dismissal of the claims regarding cancelled credit card transactions. *Id.* at 1-2. Fox does not challenge Dayton's assertion that he did not receive adequate notice under the FLSA nor his claim relating to cash tips.

1

drivers' tips. Dayton also alleges individual claims for conversion under Ind. Code. § 34-24-3-1 (conversion) and for illegally deducted tips and wages under the Indiana Wage Payment Statute ("IWPS"). Ind. Code § 22-2-5.

For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** Fox's Motion to Dismiss.

I. **BACKGROUND**

Fox is a franchise owner and operator of approximately twenty to thirty Jimmy John's restaurants. Dkt. 23, ¶ 3. Dayton worked for Fox as a food delivery driver at its restaurants in Bloomington, Indiana, from February 26, 2014, until May 10, 2016. *Id.*, ¶ 4. Fox hires delivery drivers to transport food to its customers at their homes, businesses, and other locations. *Id.*, ¶ 6. During his employment with Fox, Dayton was paid wages as a food deliverer on an hourly basis. *Id.*, ¶ 5. Fox paid its delivery drivers at a rate less than the FLSA minimum wage of $7.25. *Id.*, ¶ 7. Dayton made $5.50 per hour at the end of his employment in 2016. *Id.*

Fox received a tip credit against its minimum wage obligations to its drivers, which enables Fox to pay its drivers, as tipped employees, less than the prevailing minimum wage. *Id.*, ¶ 8; *see also* 29 U.S.C. § 203(m). Dayton alleges that Fox unlawfully claimed the tip credit for two reasons: (1) Fox failed to inform Dayton and other delivery drivers who were tipped employees of the tip credit provisions of the FLSA; and (2) Fox charged its delivery drivers, and used their tips, to cover Fox's own business expenses and costs. *Id.*, ¶ 9. Fox requires delivery drivers to return a portion of their tips to the employer. *Id.*, ¶ 11. Specifically, for purposes of this motion, Fox maintains a Refund Policy that provides for a full refund – including the amount of the tip designated for the driver – to

2

any customer that lodges a complaint. *Id.*, ¶ 12. Upon receipt of a complaint, Fox either cancelled the whole credit card transaction (including the tip) or required delivery drivers to return the cash that was received. *Id.*

## II. STANDARD OF REVIEW

Rule 12(b)(6) permits the dismissal of an action for failure to state a claim upon which relief can be granted in the pleadings. Under Rule 12(b)(6), the Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *See Esekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 8(a)(2). Detailed factual allegations are not required, but a plaintiff's complaint may not simply state "an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The "allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007). "[A] complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" not when the plaintiff only raises a "sheer possibility that the defendant has acted unlawfully." *Id.* "[T]he height of the pleading requirement is relative to the circumstances[,]" *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009), and "[d]etermining the plausibility of a claim is a context-specific task that requires [the Court] to draw on [its] judicial experience and common sense." *Brown v. JP Morgan Chase Bank*, 334 Fed. Appx. 758, 759 (7th Cir. 2009).

## III. ANALYSIS

Fox seeks dismissal on three separate grounds. First, Fox contends that Dayton never actually "received" the credit card tips, which is a prerequisite under the FLSA before money can be considered as a tip. Second, Fox argues that Dayton's wage claim must fail because tips are not considered "wages" under the IWPS. Finally, Fox moves to dismiss Dayton's conversion claims because the tips are not "special chattel."

### A. Tip Credit Provisions of the FLSA

Fox's first argument is predicated on whether or not the tip moneys were cancelled prior to the delivery drivers "receiving" the tip. Fox believes that its cancellation policy is consistent with the FLSA, which permits use of the tip credit if "all tips received by such employee have been retained by the employee." 29 U.S.C. § 203(m). Fox cites to 29 C.F.R. § 531.52, which sets forth the general characteristics of "tips" and states: "Only tips actually received by an employee as money belonging to the employee may be counted in determining whether the person is a 'tipped employee' within the meaning of the Act and in applying the provisions of section 3(m) which govern wage credits for tips." Thus, Fox concludes that when a credit card transaction is cancelled pursuant to its refund policy, drivers never actually "received" money and therefore the Refund Policy does not preclude Fox's entitlement to a tip credit.

Fox cites the Sixth Circuit case *Myers v. The Copper Cellar Corporation*, which reviewed whether an employer could deduct from credit card charged tips those fees charged by the credit card company. 192 F.3d 546 (6th Cir. 1999). *Myers* found that an employer could in fact deduct the amount it costs to process the credit card fee. *Id.* at 553-54. It also noted, in dicta, that "[b]efore an employee can be entitled to attain any

4

funds on account of a charged customer gratuity, that debited obligation must be converted into cash." *Id.* at 553.

*Myers* recognized an exemption that allows for employers to require tipped employees to contribute to the liquidation of the money received by credit card, and nothing more. Although this decision has been relied upon by other courts, Fox cites to no case or statutory authority to allow it to exercise control over tip money for discretionary business purposes.

One case that Fox does cite, *Steele v. Leasing Enterprises, Limited*, however, is instructive. 826 F.3d 237 (5th Cir. 2016). *Steele* involved restaurant servers that brought a claim against their restaurant employer, Perry's, for deducting credit card tips. Perry's deducted credit card tips for two reasons: "(1) Perry's responded to its employees' demand to be tipped out in cash each night, instead of transferring their tips in their bi-weekly pay checks, and (2) Perry's elected to have cash delivered three times a week to address security concerns." *Id.* at 245. The *Steele* court noted that *Myers* established an exemption to address credit card company fees that an employer was required to pay before receiving money, but held that an employer could not deduct tips to offset discretionary business decisions. *Id.* at 245-46. To permit an employer "to offset employees' tips to cover discretionary costs of cash delivery would conflict with § 203(m)'s requirement that 'all tips received by such employee have been retained by the employee' for employers to maintain a statutory tip credit." *Id.* at 246.

Similarly, Fox is alleged to use the delivery drivers' tip money (regardless of how it is paid) for its own discretionary business reason – namely, customer satisfaction. Fox's Refund Policy seeks to please customers that have lodged a complaint and requires

5

drivers to subsidize a portion of this effort. Fox utilizes the tip money to better its own business position at the expense of the drivers. As the *Myers* court noted, "the employer must prove that its total deductions from employees' tip incomes *did not enrich it*, but … merely restored it to the approximate financial posture it would have occupied if it had not undertaken to collect credit card tips for its employees." 192 F.3d at 555 (emphasis added). Moreover, Fox has failed to put forth any reason under section 3(m) of the FLSA that would allow it to exercise control over its drivers' tips. *See Steele*, 826 F.3d at 243 ("The employer carries the burden to prove its entitlement to the tip credit."); *see also* 29 U.S.C. § 203(m); s*ee also* 29 C.F.R. § 531.52 ("Tips are the property of the employee whether or not the employer has taken a tip credit under section 3(m) of the FLSA. The employer is prohibited from using an employee's tips, whether or not it has taken a tip credit, for any reason other than that which is statutorily permitted in section 3(m): as a credit against its minimum wage obligations to the employee, or in furtherance of a valid tip pool."). Accordingly, Fox's argument fails.

### B. Indiana Wage Payment Statute

Fox also seeks dismissal of Dayton's claim under the IWPS, which provides relief to employees who have not been paid by an employer. Ind. Code § 22-2-5-1. Dayton alleges that Fox appropriated illegal deductions from his tip wages in violation of the IWPS.

The IWPS states that an employer "shall pay each employee … the amount due the employee." Ind. Code § 22-2-5-1(a). The IWPS "governs both the frequency and the amount an employer must pay its employee." *St. Vincent Hosp. and Health Care Ctr., Inc. v. Steele*, 766 N.E.2d 699, 703 (Ind. 2002).

Dayton asks this Court to expand this definition to include tips received by delivery drivers. Dayton admits that there are no reported cases wherein tips are discussed in the context of the IWPS and therefore argues that the Court must conduct a statutory analysis of the IWPS itself. Such an analysis is unnecessary, however, because the IWPS only deals with wages owed by the employer to the employee. *See* Ind. Code § 22-2-5-1(a). Tips paid to drivers are solely conditioned on the generosity of the customer. *Cf.* 29 C.F.R. § 531.52 ("Whether a tip is to be given, and its amount, are matters determined solely by the customer."). Although Fox may pay Dayton a lesser amount because he is a tipped employee under the FLSA, it nonetheless must pay him all wages owed pursuant to the IWPS. Dayton, however, has not alleged that Fox deducted any amount from his hourly wages and therefore his IWPS claim must fail as a matter of law.

**C. Conversion**

Dayton asserts an alternative claim for conversion. He alleges that, should the Court should find that the credit card tips were not wages under the IWPS, the tips were his property that Fox had no right to convert without his permission. "A person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion." Ind. Code 35-43-4-3(a). A person that suffers "a pecuniary loss as a result of criminal conversion is permitted to bring a civil action to recover the loss." *Kotsopoulos v. Peters Broad. Eng'g, Inc.*, 692 N.E.2d 97, 107 (Ind. Ct. App. 2011). To state a claim for civil conversion, the misappropriated money must be identified as "special chattel." *Stevens v. Butler*, 639 N.E.2d 662, 666 (Ind. Ct. App. 1994). The money must be "a determinant sum with which the defendant was entrusted to apply to a certain purpose." *Tobin v. Ruman*, 819 N.E.2d 78, 89 (Ind. Ct. App. 2004) (quoting *Huff v.*

7

*Biomet*, 654 N.E.2d 830, 836 (Ind. Ct. App. 1995). *Id.* Failure to pay a debt will generally not support a claim for conversion. *See Newland Res., LLC v. Branham Corp.*, 918 N.E.2d 763, 776 (Ind. Ct. App. 2009).

Fox first argues that Dayton has failed to allege that it "entrusted" his tips to Fox, but that is exactly what Dayton did. Dayton alleged that Fox asserted unauthorized control of tips intended to be his property. *Supra*, pt. A. As Dayton's employer, Fox received Dayton's tip money and, rather than liquidate the money for his benefit, utilized the tips to support its own Refund Policy. Customers sought to provide a monetary tip to Dayton, but the credit card tips were required to pass through Fox before Dayton could receive any monetary benefit. Thus, both the customers and Dayton entrusted said funds to his employer so that they may be converted to cash for him.

Fox also argues that Dayton failed to plead that the tips were entrusted for a "special purpose." Dkt. 25 at 12. The Court first notes that the actual nomenclature is "certain purpose." In support of its argument, Fox cites numerous cases, but fails to recognize that each involves a failure to pay a debt. *Id.* at 12-13 (citing *Newland Res., LLC*, 918 N.E.2d at 776; *Tobin* 819 N.E.2d 78; *Huff v. Biomet, Inc.*, 654 N.E.2d 830 (Ind. Ct. App. 1995). That is not the case here. The credit card tips had one purpose, to provide Dayton money for a service he provided; it was not a debt owed to Dayton by Fox. The only role that Fox had in that transaction, aside from benefitting from a tip credit due to Dayton's employment status, was to process the payment. It chose not to do so. *See Roake v. Christensen*, 528 N.E.2d 789, 791 (Ind.t Ct. App. 1988) (concluding that an employer's continued acceptance of health insurance premiums from its employee, while

8

allowing the employee's policy to lapse, constituted conversion). Accordingly, the Court finds that Dayton has sufficiently pleaded a claim for civil conversion.

## IV. <u>CONCLUSION</u>

For the reasons stated herein, the Court **GRANTS** Defendants' Partial Motion to Dismiss with respect to Plaintiff's claim under the Indiana Wage Payment Statute and **DENIES** Defendants' Motion to Dismiss with respect to Plaintiff's claims for civil conversion and under the Fair Labor Standards Act. Accordingly, Plaintiff's claim under the Indiana Wage Payment Statute is **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED this 23d day of January, 2017

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Brian R. Drummy
BUNGER & ROBERTSON
bdrummy@lawbr.com

Robert Peter Kondras, Jr.
HUNT HASSLER KONDRAS & MILLER LLP
kondras@huntlawfirm.net

Melissa K. Taft
JACKSON LEWIS PC (Indianapolis)
melissa.taft@jacksonlewis.com

Michael W. Padgett
JACKSON LEWIS PC (Indianapolis)
padgettm@jacksonlewis.com